ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile: (310) 234-4023

Attorneys for Plaintiff
KEISHAWNDA MCGINNIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHAWNDA MCGINNIS,<br><br>             Plaintiff,<br><br>      vs.<br><br>STATEWIDE RECOVERY SERVICES, INC., and HYUNDAI CAPITAL AMERICA,<br><br>             Defendants. | Case No:  8:19-CV-2250<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Keishawnda McGinnis hereby complains against defendants Statewide Recovery Services, Inc. ("Statewide" or "Statewide Recovery"), and Hyundai Capital America dba Kia Finance ("Kia Finance"), and alleges as follows:

## OPERATIVE FACTS

1. On or about May 5, 2017, Plaintiff purchased a 2017 Kia Forte automobile on credit from Car Pros Kia in Carson, California, which she intended to use primarily for personal, family, or household purposes. Plaintiff and Car Pros Kia entered into a conditional sale contract which provided for installment payments over a six-year term, and which granted the dealership a security interest in the vehicle. Car Pros Kia then assigned the contract to defendant Kia Finance.

2. Plaintiff fell behind on her payments due under the conditional sale contract. Defendant Kia Finance hired Par, Inc. to repossess plaintiff's vehicle. Par, Inc. in turn hired defendant Statewide, to accomplish the repossession.

3. On or about May 22, 2019, defendant Statewide arrived at plaintiff's fenced and gated residence, and breached the security gate, without permission. Statewide repossessed plaintiff's vehicle once within the secured apartment complex. Accordingly, Statewide breached the peace in conducting the repossession of plaintiff's vehicle, in violation of the Fair Debt Collection Practices Act, Commercial Code § 9609, and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

4. Defendant Statewide violated Bus. & Prof. Code §§ 7507.9 and 7507.10, by failing to mail plaintiff a compliant notice of seizure and inventory of personal property, as required by the Collateral Recovery Act.

5. On or about May 29, 2019, defendant Kia Finance issued plaintiff a written post-repossession notice ("NOI"), pursuant to Civil Code § 2983.2(a). The NOI which Kia Finance issued to plaintiff is defective and violates the Rees-Levering Act, Civil Code § 2983.2(a), in the following ways:

(a) in violation of Civil Code § 2983.2(a)(5), it states that certain storage fees

are payable to Par North America in order to reinstate or redeem the vehicle, when in fact the storage fees were payable to defendant Statewide;

(b) in violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5) it does not disclose that plaintiff would have to pay a $50 administrative fee in order to reinstate or redeem her vehicle, nor the name and address of the entity to pay the fee;

(c) in violation of Civil Code § 2983.2(a)(1), (a)(2) and (a)(5), it fails to disclose that payment of certain fees imposed by the auction is a condition of reinstatement/redemption, and fails to disclose the name and address of the entity to pay those fees;

(d) in violation of Civil Code § 2983.2(a)(4), it states that the vehicle will be returned to plaintiff at Par North America after reinstatement or redemption, when in fact it would be returned to plaintiff either at Statewide or at the auction;

(e) in violation of Civil Code § 2983.2(a)(4), it fails to provide the name and address of the auction where the vehicle would be transported prior to sale, and thus the place where the vehicle would be returned to the borrower upon redemption, or upon reinstatement if the vehicle were transported there during the reinstatement period;

6.   Kia Finance is prohibited from collecting a deficiency balance from plaintiff, as a result of its violations of Civil Code § 2983.2(a), and the breach of the peace (pursuant to Civil Code § 2983.8(b)). Plaintiff did not reinstate or redeem her contract, and Kia Finance sold the vehicle.  Notwithstanding its defective NOI and the absolute legal bar to any deficiency balance mandated by Civil Code §§ 2983.2(a) and 2983.8(b), Kia Finance assessed plaintiff a deficiency balance.

7.  Kia Finance reported to one or more of the three major credit reporting agencies, Trans Union, Experian, and Equifax, that plaintiff owed a deficiency balance, when she did not. A deficiency balance is a seriously derogatory mark on a consumer's credit report.  The Consumer Credit Reporting Agencies Act, Civil

Code § 1785.25(a), prohibits furnishing information on a specific transaction or experience to a consumer credit reporting agency if the furnisher knows or should know the information is incomplete or inaccurate. Kia Finance made, and continues to make, inaccurate credit reporting of a deficiency balance as to plaintiff, while knowing that such reporting is inaccurate or incomplete.

## PARTIES

8. Plaintiff is a natural person over the age of 18 and is a resident of the State of California.

9. Defendant Statewide Recovery Services, Inc. is a California corporation with its headquarters in El Monte, California.

10. Defendant Hyundai Capital America is a California corporation with its headquarters in Irvine, California, and does business as Kia Finance or Kia Motors Finance in California.

## JURISDICTION AND VENUE

11. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Central District of California because both defendants are headquartered in this district.

## FIRST CAUSE OF ACTION
**(Against Defendant Statewide Recovery for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

13. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

14. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant Statewide Recovery is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant Statewide Recovery uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

16. Defendant had no present right to repossess plaintiff's vehicle from a secured area without permission, but did so in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

17. Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

18. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendant has frequently and persistently failed to comply with the FDCPA, and has violated the FDCPA intentionally. The nature of defendant's violations justifies the maximum statutory damages award available.

19. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**

20. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal

4

Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

22. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

23. Defendants were at all times relevant herein "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

24. Defendant Statewide violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. The misdemeanors which Statewide committed include: (1) violations of Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9, 7507.10, and § 7508.2(d); and (2) violations of Penal Code §§ 602(k) and (n).

25. Defendant Kia Finance violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff, when it committed a misdemeanor under Civil Code §§ 2983.2(a) and 2983.6, by willfully issuing plaintiff a defective post-repossession notice.

26. Defendant Statewide violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f(6), by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

27. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is

entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

28. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

29. Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Kia Finance for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

30. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

31. Defendant Kia Finance violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should have known that such information was inaccurate or incomplete.

32. Plaintiff has suffered actual damages as a result of defendant's unlawful acts, including but not limited to loss of the vehicle, court costs, attorneys fees, and pain and suffering.

33. Defendant's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31(a)(1).

34. Defendant's violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code §

1785.31(a)(2).

35. Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief to put an end to said violations pursuant to Civil Code § 1785.31(b).

36. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### (Against Kia Finance for Declaratory Relief)

37. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

38. An actual controversy has arisen between plaintiff and defendant Kia Finance. Kia Finance contends that plaintiff owes it a deficiency balance, and plaintiff denies that she owes a deficiency balance, based on Kia Finance's violations of the Rees-Levering Act.

39. Plaintiff accordingly seeks declaratory relief that she does not owe a deficiency balance to Kia Finance.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For punitive and/or statutory damages under the FDCPA, Rosenthal Act and Consumer Credit Reporting Agencies Act;

3. For injunctive relief;

4. For declaratory relief;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: November 19, 2019

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s/ *Alexander B. Trueblood*
    Alexander B. Trueblood

Attorneys for Plaintiff
KEISHAWNDA MCGINNIS